IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | |
|---|---|
| GERALD B. NELSON, III,        ) | |
|     Plaintiff,           ) | |
|                                 ) | CIVIL ACTION NO. |
| v.                         ) | 3:10cv1005-MHT |
|                                 ) | (WO) |
| RUSSELL COUNTY BOARD OF    ) | |
| EDUCATION, et al.,         ) | |
|     Defendants.          ) | |

                       OPINION AND ORDER

    Plaintiff Gerald B. Nelson, III, brings this lawsuit against defendants Russell County Board of Education, WVTM Channel 9, Lalanya Ramsey, and Yvette Richardson alleging numerous constitutional violations and state torts.  The case is now before the court on Nelson's motions for an extension of time to file his response to motions for summary judgment filed by three of the four defendants.  For the reasons that follow, the court will conditionally grant Nelson's motions.

    Three defendants--the school board, Channel 9, and Ramsey--separately moved for summary judgment in early

March.  On March 12, this court issued an order requiring any response to these three summary-judgment motions to be filed by March 27.  Nelson's counsel missed the March 27 deadline, and, on April 5, belatedly filed a motion to extend time for her response.  In the April 5 motion and later motions, Nelson's counsel requests that her response be filed by April 13, the same day as her response is due on a fourth summary-judgment motion, filed by defendant Richardson.

Paragraph 15(B) of the court's uniform scheduling order provides that, "Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, ... 'eleventh hour' extension requests and motions will be denied outright."  Order (doc. no. 44). Nelson's extension motions are worse than an eleventh-hour motion (which, under the uniform scheduling order, is due to be denied outright absent an acceptable explanation), for they come more than one week after the deadline.

Nevertheless, Nelson's counsel contends that she is still entitled to an extension.  At one point, during an on-the-record conference call held on April 6, 2012, Nelson's counsel explained that her solo law practice recently merged with another firm and that, during the transition period, secretarial staff unfamiliar with practice in federal court improperly entered the due date on Nelson's response to the school board's, Channel 9's, and Ramsey's summary-judgment motions as April 13, the due date for Nelson's response on Richardson's summary-judgment motion.  At another point Nelson's counsel said that she was involved in a serious car accident in January 2012 and suffered multiple broken bones and a severe neck injury.  Eventually, Nelson's counsel argued that it was the combined effect of these two incidents that caused her to miss the March 27 deadline.

Aside from the fact that Nelson's counsel changed her reason for her delay, she provided no reason for her failure to bring to the court's attention, in January,

February, or early March, that she had had an accident and would not be able to give her full attention to this case.  If she was able to manage the merger of her office with another law firm during this time, she was able to notify the court of the alleged effect of her accident on her law practice.  The court is convinced that inexcusable inattention played, at least, some part in her delay.[*]

Nonetheless, because there will be no real prejudice to the school board, Channel 9, and Ramsey, the court finds that some extension is justified so that Nelson will not be left out of court due to the inattention of his attorney.  The court is therefore persuaded that an extension of time until April 13, 2012, is warranted, albeit only conditionally.

---

[*]While not the basis for the decision in this case, the court notes that Nelson's counsel has missed deadlines in other cases. See Horn v. Russell County Board of Eduction, civil action 3:09cv624-MHT (M.D. Ala.), and Belton v. Russell County Board of Eduction, civil action 3:10cv814-MHT.

4

* * *

For the foregoing reasons, it is ORDERED that plaintiff Gerald B. Nelson, III's motions for extension of time (Doc. No. 76) and to consolidate pending motions (Doc. Nos. 77 & 78) are granted to the following extent:

(1) Plaintiff Nelson has until April 13, 2012, to respond to defendants Russell County Board of Education's, WVTM Channel 9's, and Lalanya Ramsey's motions for summary judgment (Doc. Nos. 57, 59 & 61), on the condition that plaintiff Nelson's counsel pay 50 % of the reasonable attorney's fees and expenses that defendants Russell County, WVTM Channel 9, and Ramsey have incurred in connection with the extension motion.

(2) If plaintiff Nelson files a timely summary-judgment response pursuant to the extension allowed by this order, defendants Russell County, WVTM Channel 9, and Ramsey are allowed until April 20, 2012, to file a summary-judgment reply.

(3) The above-referenced fees and expenses must be paid by plaintiff Nelson's counsel and are not to be borne by plaintiff Nelson himself.

(4) Plaintiff Nelson's counsel has until April 13, 2012, to file a notice in this court accepting the extension terms of this order; otherwise, plaintiff Nelson is not allowed additional time to respond to the motions for summary judgment filed by defendants Russell County, WVTM Channel 9, and Ramsey (Doc. Nos. 57, 59 & 61).

(5) If plaintiff Nelson files a timely notice of acceptance of the extension terms of this order, defendants Russell County, WVTM Channel 9, and Ramsey are allowed until April 20, 2012, to file a motion for reasonable attorney's fees and expenses pursuant to this order.

(6) Nothing in this order affects the deadlines outlined in the second scheduling order (Doc. No. 73) as

to defendant Yvette Richardson's motion for summary judgment (Doc. No. 70).

DONE, this the 12th day of April, 2012.

                                       /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**